UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| WILLIAM LUCKETT,            )<br>                                          )<br>            Petitioner,       )<br>                                          )<br>v.                                      )<br>                                          )<br>MR. WRIGLEY, Superintendent, )<br>                                          )<br>            Respondent.      ) | No. 1:07-cv-1438-DFH-WTL |

**Entry and Order Directing Dismissal of Action**

**I.**

The petitioner's request to proceed *in forma pauperis* is **granted.**

**II.**

William Luckett ("Luckett") is a state prisoner who was disciplined in a proceeding at an Indiana prison on September 28, 2007, by absconding. Contending that the proceeding was constitutionally infirm, Luckett now seeks a writ of habeas corpus.

**III.**

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott,* 512 U.S. 849, 856 (1994). This authority is conferred by Rule 4 of the *Rules Governing Section 2254 Cases in United States District Courts,* which provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." *See Small v. Endicott,* 998 F.2d 411, 414 (7th Cir. 1993). This is an appropriate case for such a disposition.

## IV.

### A.

A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a) (1996). *See Conner v. McBride,* 375F.3d643, 649 (7th Cir. 2004).

"A prisoner challenging the process he was afforded in a prison disciplinary proceeding must meet two requirements: (1) he has a liberty or property interest that the state has interfered with; and (2) the procedures he was afforded upon that deprivation were constitutionally deficient." *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007). In these circumstances, Luckett was entitled to the following process before being deprived of his liberty interests: (1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision-maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell,* 418 U.S. 539 (1974); *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992). In addition, there is a substantive component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985).

### B.

Using the protections recognized in *Wolff* and *Hill* as an analytical template, Luckett received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Luckett was given the opportunity to appear before the conduct board and make a statement concerning the charge, (2) the conduct board issued a sufficient statement of its findings, and (3) the conduct board issued a written reason for its decision and for the sanctions which were imposed. All these things are evident from the face of the habeas petition and the exhibits submitted with it.

Luckett's claims supporting his petition for a writ of habeas corpus relief do not, in fact, support the relief he seeks. His claims are variations on a single theme, which is that authorities violated prison regulations and policies in the disciplinary proceeding he challenges here. The premise of this theme, wholly apart from the nuances presented here, has been soundly rejected. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)("Federal habeas corpus relief does not lie for errors of state law" because "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). The mere violation of a prison policy does not constitute even a cognizable claim under § 2254. *Evans v. McBride*, 94 F.3d 1062 (7th Cir. 1996); *Colon v. Schneider,* 899 F.2d 660, 672-73 (7th Cir. 1990); *see also Del Vecchio v. Illinois Dept. of Corrections,* 31 F.3d 1363, 1370 (7th Cir. 1994)(habeas corpus jurisdiction is limited to evaluating alleged violations of federal statutory or constitutional law), *cert. denied*, 516 U.S. 983 (1995).

**V.**

"The touchstone of due process is protection of the individual against arbitrary action of the government."  *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings that entitle Luckett to relief in this case. His arguments that he was denied the protections afforded by *Wolff* and *Hill* are either refuted by the petition itself or based on assertions which do not entitle him to relief. Accordingly, his petition for a writ of habeas corpus must be **denied.** Judgment consistent with this Entry shall now issue.

So ordered.

*David F. Hamilton*

DAVID F. HAMILTON, Judge
United States District Court

Date: 11/14/2007